IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHIELD OUR CONSTITUTIONAL            :
RIGHTS AND JUSTICE, et al.           :

    v.                               :    Civil Action No. DKC 2009-0152

                                     :

ADAM MAURICE TIPPETT
                                     :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is Plaintiff Qihui Huang's motion for reconsideration of the court's September 11, 2009 order. (Paper 20). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motion for reconsideration will be denied.

## I.  Background

The background to this case may be found in the court's last memorandum opinion. (Paper 18, at 1-4). On September 11, 2009, the court issued a memorandum opinion and order dismissing Plaintiff Shield our Constitutional Rights and Justice for lack of standing and dismissing Plaintiff Huang's amended complaint for failure to state a claim. (Papers 18 and 19). Plaintiff Huang filed a motion for reconsideration on September 21, 2009.

## II.  Standard of Review

Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Federal Rule of Civil

Procedure 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)(quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), *cert. denied*, 538 U.S. 1012 (2003)). "A motion to reconsider is not a license to reargue the merits or present new evidence." *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir. 1992)). Motions for reconsideration are "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co.,* 148 F.3d at 403.

**III. Analysis**

Plaintiff's motion for reconsideration does not meet any of three grounds for reconsideration and will be denied. To the extent that Plaintiff's lengthy motion and reply briefs are comprehensible, Plaintiff has not identified any intervening change in the law, newly developed evidence, or clear error of law or manifest injustice that would alter the court's September 11, 2009 opinion. Contrary to Plaintiff's assertions, the court made its determination that Plaintiff failed to state any claim by construing the facts in her favor and by testing the legal

sufficiency of her claims.   Therefore, the court will deny Plaintiff's motion.

## IV.  Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration will be denied.  A separate Order will follow.

```
              /s/
DEBORAH K. CHASANOW
United States District Judge
```